IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09CV219-MU-02

| | |
|---|---|
| TODD BUCHANAN, )<br>    Petitioner, )<br>)<br>    v. )<br>)<br>JOHN CROW, Superintendent, )<br>  Lincolnton Correctional )<br>  Institution, )<br>    Respondent. )<br>_____) | ORDER |

**THIS MATTER** comes before the Court on Petitioner's "Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus . . . " (document # 1), filed June 11, 2009.

Rule 4 of the Rules Governing Section 2254 Cases, directs habeas courts promptly to examine habeas petitions. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. For the reasons stated herein, Petitioner's case will be dismissed as time-barred.

    I.    **FACTUAL AND PROCEDURAL BACKGROUND**

According to the Petition and Memorandum filed therewith, on August 22, 2007, Petitioner pled guilty to charges of assault inflicting serious injury and failure to appear. On that occasion, the Superior Court of Mitchell County sentenced Petitioner to

consecutive terms of 25 to 30 months and 8 to 10 months for the assault and failure to appear convictions, respectively.

Although Petitioner marked a box on the instant form-Petition indicating that he directly appealed his case, such Petition further reflects that Petitioner did <u>not</u> seek direct review of his case at the North Carolina Court of Appeals. Indeed, this Court's research in the Westlaw database does not disclose a direct appeal of Petitioner's criminal case. Rather, his Petition attempts to clarify that the "appeal" which Petitioner pursued was a Motion for Appropriate Relief which he reportedly submitted to the Superior Court of Mitchell County. Notably, however, the Petitioner fails to indicate the date on which that MAR was filed, the date on which it was denied, or the case and/or docket number for that MAR. The Petitioner merely reports that his MAR was denied and that he did not seek any further review of the denial of that MAR.

In any case, Petitioner now has come to this Court on his Petition, asking this Court to "issue[ ] an Order to Vacate sentence of 8-10 months . . . ," that is, the sentence for his failure to appeal conviction, on the grounds that: (1) his attorney was ineffective by violating the attorney-client privilege rules and failing to investigate the charge or presenting mitigating factors at sentencing; (2) the trial judge used information which he obtained from trial counsel to discourage another attorney from taking his case in violation of the Sixth Amendment; and (3) he was

subjected to a vindictive and malicious prosecution by virtue of discouraging another attorney from representing him. Nevertheless, this Court has determined that the instant <u>Habeas</u> Petition must be summarily <u>dismissed</u>.

## II. **ANALYSIS**

Indeed, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA, hereafter), effectively amending 28 U.S.C. §2254 by adding the following language:

A 1-year period of limitation shall apply to an application for a writ of <u>habeas corpus</u> by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:
>
> (B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a

3

properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, as the Court has noted, Petitioner was convicted of the failure to appear charge on August 22, 2007; and that he did not directly appeal that matter. Consequently, Petitioner's conviction became final no later than September 5, 2007, i.e., at the expiration of the fourteen day period during which Petitioner could have sought a direct appeal. See Clay v. United States, 537 U.S. 522, 527 (2003) (noting that convictions become final for AEDPA purposes at the expiration of the period during which direct review could have been sought); and N.C.R.App. P. 4(a) (providing fourteen days for service of notice of appeal).

Based upon the foregoing, in the absence of any intervening circumstances, Petitioner had up to and including September 5, 2008, in which to file the instant federal Petition. See Hernandez v. Caldwell, 225 F.3d 439 (4th Cir. 2000) (noting the 1-year limitations period set forth by the AEDPA); and Harris v. Hutchinson, 209 F.3 325, 328 (4th Cir. 2000) (same); see also 28 U.S.C. §2244(d)(1) (noting that the 1-year limitations period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."). Obviously, Petitioner did not meet that

2008 deadline.

Additionally, while it has not escaped the Court's attention that Petitioner claims he sought post-conviction review in the State court system through an MAR which he reportedly filed in the Superior Court of Mitchell County, this representation simply is not supported by any evidence. To be sure, Petitioner did not include any of the pertinent dates concerning his MAR. Furthermore, the undersigned caused a search to be conducted of the public records in Petitioner's criminal file (for the case which he identifies as 02CRS864) at the Superior Court of Mitchell County in order to obtain the pertinent date information for that MAR. However, a deputy clerk at the Mitchell County Court advised the undersigned that Petitioner never filed an MAR in this criminal case. This revelation tends to explain why Petitioner failed to provide the pertinent date information for his MAR as the form-Petition directed him to do.

In short, Petitioner has failed to establish that he pursued collateral review in State court. As such, there is no basis for this Court to toll any portion of Petitioner's one-year limitations period.

Moreover, after having allowed slightly more than 21 months to elapse between the time his failure to appear conviction became final and the date he began his pursuit of federal relief, Petitioner was in the position to know that his Petition might be

5

construed as time-barred.[1] Indeed, question 18 on his form-Petition prompts petitioners whose judgments of conviction became final more than a year before the initiation of their habeas Petitions to "explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar [their] Petition[s]." To that end, Petitioner advises the Court that his Petition should be deemed timely filed because there was an "[i]nordinate dely in supplying records by Superior Court, resulting in violations of [d]ue [p]rocess." Suffice it to say, however, that statement falls far short of establishing a statutory basis for excusing Petitioner's delay in filing his Petition.

Likewise, the Court is aware that equitable tolling of the AEDPA statute of limitations is allowed in "rare instances where–-due to circumstances external to the party's own conduct–-it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d

---

[1] In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). There, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal habeas forms to comply with Hill. The new forms now include a section which directs the petitioner to address the "timeliness of [his/her] motion." In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the motion to vacate is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. §2244(d) [also set forth on the form] does not bar [such] motion." Accordingly, given the fact that Petitioner was given the opportunity to address the timeliness of his Petition but failed to do so, this Court concludes that he has been given every opportunity to which he is entitled in this regard, and no further warning is required for him.

6

238, 246 (4th Cir. 2004) (en banc). Here, however, Petitioner has not articulated any such rare circumstances for equitable tolling. Indeed, other than Petitioner's conclusory allegation that the "inordinate delay" which he experienced in receiving copies of his records somehow violated his right to due process, there simply is no basis for this Court to conclude that it would be unconscionable to enforce the limitations period and that a gross injustice will result from such enforcement.

Finally, the Court also is aware of the Fourth Circuit's recent decision in Bilal v. North Carolina, 287 Fed. App'x 241 (4th Cir. July 18 2008), in which the Court specifically limited its holding to the facts of that case and concluded that this Court's sua sponte dismissal of a § 2254 Petition was premature. However, this case is distinguishable from Bilal.

In Bilal, the petitioner responded to question 18 on his form petition with an ambiguous "N/A" response, thereby possibly reflecting his confusion as to either the question or his status. Here, Petitioner provided a response which simply was insufficient to excuse his delay. Moreover, unlike Bilal, this case does not involve a mere 30-day delay, rather it involves a delay of nearly two years from the time that Petitioner was convicted until the date on which he filed the instant Petition. As such, this Court finds Bilal inapplicable here. In sum, therefore, the undersigned finds that Petitioner's untimeliness stands as an absolute bar to

7

his entitlement to federal review.

### III. CONCLUSION

The Court has determined that the instant Petition was untimely filed without excuse; therefore, such Petition must be <u>dismissed</u>.

### IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT** Petitioner's Petition for a Writ of <u>Habeas Corpus</u> (document # 1) is **DENIED and DISMISSED** as untimely filed.

**SO ORDERED.**

Signed: June 17, 2009

Graham C. Mullen
United States District Judge